UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Grow Green MI Inc.   Case No.24-31158-jda
                     Chapter 11
   Debtor.           Judge Applebaum
_____/

# FIRST DAY INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon consideration of Debtor's First Day Motion for Interim Authority to Use Cash Collateral and for Related Relief (the "Motion") filed by Grow Green MI Inc( "Debtor") requesting this Court's authorization to use the cash collateral of collectively BFG Supply Company ("BFG"), Amazon Capital Services ("Amazon"), Michigan Department of Treasury, Commercial Credit Group Inc.("CCG") and CT Corporation Services ("Secured Creditors") pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 due and proper notice of the Motion has been given to all parties entitled thereto; the Court has considered all relevant matters related thereto and is otherwise fully advised in the premises; a preliminary hearing was held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2); the Court finds that the Motion should be granted and specifically finds as follows:

  A. This Court has jurisdiction of this Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

  B. Notice of the Motion and the relief requested therein was served by the Debtor on Secured Creditors, the twenty largest unsecured creditors, and the Office of the United States Trustee ("U.S. Trustee")

  C. The Debtor has demonstrated that it has an immediate need to use Cash Collateral, among other things, to permit the continued operations of the Debtor.

D. Good cause has been shown for entry of this Order. This Order has been negotiated in good faith and at arm's length and the Court finds that the Secured Creditors have acted in good faith in connection with this Order.

E. The amount of cash the Debtor proposes to use before entry of a final order granting the Motion is set forth in the Budget attached to the Motion. Specifically, during June, July, August, September months of this case, the Debtor projects that it will need to spend $1,146,975.52. During the first interim period, Petition Date through July 10, 2024, the Debtor will need to spend $152,501.23 and in the first 30 days $278,002.46 to avoid immediate and irreparable harm.

F. The value of the Debtor's estate will be maximized by the continuation of Debtor as an on-going business and the use of Cash Collateral is essential to such operation.

G. Prior to the Petition Date, the Debtor and the Secured Creditors were parties to various agreements.

H. As a consequence of the foregoing, the Secured Creditors claim they possess valid and perfected security agreements in substantially all of the Debtor's property, whether tangible or intangible, and wherever located, and whether now or hereafter acquired and all cash, cash equivalents, proceed, products, and profits in existence before, on, or after the Petition Date.

**NOW THEREFORE, IT IS ORDERED THAT:**

1. The Motion is hereby granted on an interim basis subject to the terms and conditions set forth in this order.

2. The Debtor is authorized to use the cash collateral of each of the Secured Creditors on an interim basis and pending a final hearing on the Motion ("Final Hearing") in a manner consistent with the budget attached to the Motion ("Budget") to pay actual, ordinary, and necessary expenses of maintaining its business operations and to budget for the anticipated court approved costs of the Debtor's attorneys, accountants, and the subchapter V trustee ("Carve Out"). For accounting purposes, the Carve-Out may be segregated consistent with the Budget line items for professional fees, into a separate Debtor in Possession Account ("Professional Fee Account"). The funds in the

Professional Fee Account will remain property of the estate, and no professional may assert a lien or other interest against the Professional Fee Account.

3. Retroactive to the Petition Date and without the necessity of any additional documentation or filings, as adequate protection for and to protect the Secured Creditors against any diminution in value of the pre-petition collateral, the Debtor grants to Secured Creditors a fully perfected replacement lien having the same validity as, on the same types of collateral (whether arising prior to, on or after the Petition Date) as and of the same relative lien priority as held by the Secured Creditors respective pre-petition liens and security interests held with respect to the collateral ("Adequate Protections Liens"). The Adequate Protections Liens granted by this Interim Order are in addition to all security interests, liens, rights of Secured Creditors existing as of the Petition Date. The relative priorities and rights of payment between and among Secured Creditors as of the Petition Date shall remain the same as they were prior to the Petition Date and shall remain in full force and effect pursuant to this Order. For clarity, the collateral securing the Adequate Protection Liens shall not include any cause of action under Chapter 5 of the bankruptcy code nor the proceeds from such claims, nor shall it include any claims under 11 U.S.C. § 506 (c).

4. All liens and security interests in the Adequate Protections Liens granted to the Secured Creditors by this Order are deemed duly perfected and recorded under all applicable laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order or act shall be required to effect or continue such perfection although Secured Creditors may, in their sole discretion make any filing or recordation or other acts which each deems appropriate with respect to such perfection

5. The entry of this Order is without prejudice to the Debtor's right to seek authority from the Court to use additional cash collateral or borrow funds pursuant to 11 U.S.C.364 if the Debtor determines that the cash collateral authorized by this Order is insufficient.

6. The Debtor is authorized to use Secured Creditors cash collateral on an interim basis and pending a final hearing on the Motion ("Final Hearing") in a manner that is substantially consistent with the budget to pay actual, ordinary, and necessary expenses of maintaining its business operations and to pay costs of the Debtor's

professionals. The Debtor's use of cash collateral will conform to the amounts set forth in the budget with a ten percent (10%) variance.

7. Objections to this Order must be filed within fourteen (14) days from the date of entry of the Order

8. The Motion is hereby set for a Second Interim Hearing before this Court at 11:00 am on July 10, 2024 ("Second Interim Hearing") and a Final Hearing Date of July 24, 2024 at 11:00am (such date or such later date to which the final hearing is adjourned or continued, the "Final Hearing Date"), at which time any party in interest may present any timely filed objections to the entry of a Final order ("Final Order") in the form of, and containing relief substantially similar to, this Order. The Debtor will promptly serve a notice of the Final Hearing, together with a copy of this Order, by regular mail or electronic mail upon (i) the Office of the United States Trustee,)(ii)20 largest unsecured creditors, (iii) all secured creditors, (iv) the United States Trustee's Office.(v) any other party which has filed a request with this Court for notice in the Debtors' case and served such request upon the Debtor's counsel. The notice of the Final Hearing will state that objections to the entry of a Final Order on the Motion will be in writing and will be filed with the United States Bankruptcy Court Clerk for the Eastern District of Michigan no later than 14 days after entry of this Order which objections will be served so that the same are received on or before 5:00 pm (Eastern Standard Time) of such date by: (i) Scott Kwiatkowski, Goldstein, Bershad & Fried, P.C. counsel to the Debtor, 4000 Town Center, Suite 1200, Southfield, Michigan 48075; (ii) the Office of the United States Trustee; (iii) Secured Creditors; (iv) Office of the United States Attorney for the Eastern District of Michigan, US Department of Justice. Any objections by creditors or other parties in interest to any of the provisions of this Order will be deemed waived unless filed and served in accordance with this paragraph.

9. If no timely objections are filed, this Order will become a final order without any further action by the Court.

10. The Debtor's authority to use the Secured Creditors cash collateral under this Order will be effective immediately and will continue until otherwise ordered by the Court.

**Signed on June 26, 2024**

/s/ Joel D. Applebaum
_____
Joel D. Applebaum
United States Bankruptcy Judge